UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Uriel Anderson,                      :
          Plaintiff,                 :
                                     :
     v.                              :      File No. 1:06-CV-144
                                     :
Corrections Corporation of           :
America, Warden Mills,               :
Assistant Warden Hensley,            :
Chief of Security Polk,              :
Captain Walton, Captain              :
Woodland, Captain Woods,             :
Lieutenant Anderson,                 :
Captain Brooks, Unit                 :
Manager James Severs,                :
Sergeant Bullock, Sergeant           :
Hawkings, Steven Gold and            :
Raymond Flum,                        :
          Defendants.                :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 27)

Plaintiff Uriel Anderson, a Vermont inmate
proceeding *pro se*, brings this action claiming
unconstitutional treatment while in prison.  In a
previous ruling on a defendants' motion to dismiss, I
recommended that the Court dismiss two of the defendants
and transfer the remainder of the case to the Western
District of Tennessee.  While my Report and
Recommendation was pending, the defendants filed a second
motion to dismiss for failure to prosecute.  For the
reasons set forth below, I recommend that the second

motion to dismiss (Paper 27) be GRANTED, and that this
case be dismissed if the plaintiff does not inform the
Court within 60 days of his intent to proceed.  If the
plaintiff so informs the Court within that 60 day period,
two defendants should be dismissed and the case should be
transferred pursuant to my first Report and
Recommendation.

<u>Factual and Procedural Background</u>

For purposes of the pending motions, the allegations
in Anderson's complaint will be accepted as true.  These
facts were set forth in my previous Report and
Recommendation, and are largely repeated here.

During the period of time in question, Anderson was
a prisoner in the custody and control of the Vermont
Department of Corrections ("DOC"), incarcerated in a
facility in Mason, Tennessee.  On or about March 19,
2006, he informed the warden, defendant Warden Mills,
that no air or heat was circulating in the cells.
Anderson claims that he told Mills "that if he did not
correct the problem that [Anderson] was going to make
him."  (Paper 4-1, Complaint, at 5).  Warden Mills
allegedly replied: "'Do what you want, we got something

2

for that.'"   Id.

That same day, Anderson was stripped of his property, including his shoes, socks and bedding, after allegedly breaking his cell window.  A disciplinary report was issued, and Anderson was "put on styrofoam trays."  During the next seven days, two more windows and Anderson's light were "discovered broken."   Id.

A disciplinary hearing was held, but Anderson was not allowed to attend due to his disruptive behavior.  He was convicted "on all 6 offenses," and filed a disciplinary appeal.   Id. at 6.  He received the decision on his appeal on April 19, 2006.  The decision allegedly failed to "acknowledge his central claim that of being denied the right to be heard" and limited the number of "existing claims the plaintiff can bring to [the warden's] attention."   Id.

Anderson subsequently filed a second appeal, submitted grievances for the return of his property, and filed sick call slips due to the discomfort created by sleeping with no mattress or bedding.  On May 11, 2006, having still not received his property, Anderson refused to leave the shower until his property was returned.

Defendant Captain Brooks proceeded to mace him, and two disciplinary reports were issued.  Anderson remained in the shower through the night and into the next day, without medical attention.

Anderson now brings this action claiming cruel and unusual punishment in violation of the Eighth Amendment. He also alleges that he was punished without due process. For relief, he seeks a declaratory judgment, injunctive relief and monetary damages.

Anderson filed his complaint on July 21, 2006.  On November 27, 2006 he moved for a change of venue, and on December 8, 2006 the defendants moved to dismiss.  In a Report and Recommendation dated April 2, 2007, I recommended that defendants Gold and Flum be dismissed, and that the remainder of the case be transferred to the United States District Court for the Western District of Tennessee.

While my Report and Recommendation was pending, the defendants filed a second motion to dismiss seeking dismissal pursuant to Fed. R. Civ. P. 41(b).  In this second motion, filed on April 16, 2007, the defendants reported that Anderson had been "released from prison 40

4

days ago, and has failed to provide the Court or
Defendants with his new address." (Paper 27-1 at 2).
Arguing failure to prosecute, the defendants urged the
Court to stay transfer of the case for 60 days, or until
Anderson informed the Court of his new address. If
Anderson failed to contact the Court within that 60-day
period, the defendants argued that the case would be ripe
for dismissal under Rule 41(b).

On April 17, 2007, the Report and Recommendation
sent to Anderson's last known address was returned as
undeliverable. That same day, Court staff obtained a
North Carolina address from the Department of Corrections
and sent a copy of the Report and Recommendation to that
address. To date, the Court has not received any
objection to the initial Report and Recommendation.

On July 10, 2007, pursuant to an Order of the Court,
the Clerk's Office sent a copy of the defendants' second
motion to dismiss to the North Carolina address. The
Court's Order of July 10 warned Anderson that he needed
to inform the Court of his intention to proceed within 30
days. The Court also allowed him 30 days in which to
file any objections to the pending Report and

Recommendation and the defendants' second motion to dismiss.  The Order stated that "[f]ailure to submit such filings may result in the dismissal of the case with prejudice." (Paper 29 at 3).  Over 30 days have passed, and Anderson has not yet filed anything with the Court.

<u>Discussion</u>

Pursuant to Rule 41(b), a court may dismiss an action, on motion or on its own initiative, for the "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court[.]" Fed. R. Civ. P. 41(b).  Given the harsh nature of dismissals, such dismissals are "appropriate only in extreme circumstances." <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, a court must be cognizant of the special latitude to be given to *pro se* litigants. <u>Webb v. Bermudez</u>, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (1986)).

Nonetheless, the fact that Anderson is proceeding *pro se* does not mean that he can thwart the judicial process as he chooses.  This Circuit has held that "while *pro se* litigants may in general deserve more lenient

6

treatment than those represented by counsel, all litigants, including *pro se*s, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions." <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).

In general, a determination of whether to dismiss for failure to prosecute involves a consideration of whether the plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay.  <u>United States ex rel. Drake v. Norden Sys., Inc .</u>, 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with the plaintiff's right to have his day in court, and must consider the efficacy of lesser sanctions.  <u>Id.</u>

I.  <u>Duration of Failures</u>

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were

of significant duration.  See Norden Sys., Inc., 375 F.3d
at 255.  In this case, Anderson has not submitted
anything to the Court in over eight months.  His response
to the defendants' first motion to dismiss was due more
than seven months ago, and any objection to the Court's
initial Report and Recommendation was due approximately
four months ago.  Although Anderson's failures may have
been due, at least in part, to inaccurate mailing
addresses, Anderson was obligated to inform the Court and
the parties of any new address.

     In its order granting Anderson's motion for leave to
proceed in forma pauperis, the Court stated that "[e]ach
party shall keep the Court apprised of a current address
at all times while the action is pending.  Notice of any
change of address must be filed promptly with the Court
and served on the parties."  (Paper 3 at 3).  Similarly,
Local Rule 83.3(c) requires that "[a]n attorney or pro se
party appearing before the court is under a continuing
duty to notify the court of any change of address and
telephone number."  Anderson has clearly failed to comply
with the Court's Order and its Local Rule.

     Further, the case law in this Circuit indicates that

Anderson's failures have been of significant duration. See, e.g., Deptola v. Doe, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); Wilson v. Oxford Health Plans, Inc., 2002 WL 1770813, at *2-4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to court's order); Lopez v. Catholic Charities of the Archdiocese of New York, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . action at all" for three months).  Accordingly, this factor weighs in favor of dismissal.

II.  Notice That Delays Could Result in Dismissal

    The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).  When the Court granted Anderson's motion for leave to proceed *in forma pauperis*, it provided a series of instructions as to how the case should proceed.  (Paper 3).  Specifically, the Court

9

notified Anderson that he

> should always file a response to a motion by the
> defendants.  In particular, in the event the
> defendants move for summary judgment as
> discussed above, or move to dismiss the
> complaint pursuant to Rule 12 of the Federal
> Rules of Civil Procedure, the plaintiff's
> failure to respond may result in the dismissal
> of the complaint.

Id. at 5-6.  Also, in the Court's most recent Order
(Paper 29), it clearly warned Anderson that failure to at
least inform the Court of his intention to proceed might
result in dismissal with prejudice.  Therefore, Anderson
has been duly warned of the potential for dismissal.

III.  Prejudice to Defendants

The third factor considers prejudice to the
defendants.  In deciding this factor, the Court must
assess "whether defendants are 'likely to be prejudiced
by further delay.'"  Norden Sys., Inc., 375 F.3d at 256
(quoting Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.
2001)).  "Prejudice to defendants resulting from
unreasonable delay may be presumed . . . but in cases
where delay is more moderate or excusable, the need to
show actual prejudice is proportionally greater."  Lyell
Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.
1982) (citations omitted).

10

Here, the defendants have been forced to bear the expense of defending a lawsuit that Anderson may not wish to pursue.  The prejudice thus far has been limited by the lack of activity in the case, although the defendants have been compelled to file two separate, and potentially dispositive, motions.  If the Court decides not to dismiss the case, further delays will certainly add to the prejudice already suffered.  Accordingly, this factor favors dismissal, albeit marginally.

IV.  <u>Balancing Interests</u>

The fourth factor requires balancing Anderson's due process interests with the Court's congested docket.  In deciding this factor, the Court must strike a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  <u>Norden Sys, Inc.</u>, 375 F.3d at 257 (citing <u>Martens</u>, 273 F.3d at 182).  The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed.  <u>See</u> <u>Alevizopoulos v. Comcast</u>, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (citing <u>Lyell Theater</u>, 682 F.2d at 42); <u>see</u> <u>also</u> <u>Chira v. Lockheed Aircraft Corp.</u>, 634

11

F.2d 664, 668 (2d Cir. 1980) ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").

In this case, Anderson's failure to comply with the Court's Orders and Local Rules diminishes his right to have his claim heard.  See Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citing Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), aff'd, 152 F.3d 917 (2d Cir. 1998)).  Because Anderson has made no effort to keep the Court and the parties apprised of his current address, and given his apparent apathy with respect to the defendants' call for dismissal, it is unfair to the other litigants to permit this suit to remain on the Court's docket indefinitely.

V.   Consideration of Lesser Sanctions

The fifth and final factor the Court must consider in deciding whether to dismiss this case for failure to prosecute is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay."  Norden Sys., Inc., 375 F.3d at 257 (citing Martens, 273 F.3d at 182).  A plaintiff's repeated violation of court orders will lead a court to

12

"the inexorable conclusion" that dismissal is the only
appropriate response to a plaintiff's conduct.  Feurtado,
225 F.R.D. at 481 (citing Chira, 634 F.2d at 666); see
also Smith v. Human Res. Admin. of New York City, 2000 WL
307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser
sanctions inappropriate where plaintiff has ignored
multiple court orders); Alevizopoulos, 2000 WL 1677984,
at *4 (same).

     Here, the defendants have proposed a reasonable
sanction.  Specifically, they suggest that the Court
adopt my initial Report and Recommendation, but stay the
transfer of the case for 60 days.  If Anderson does not
contact the Court within that 60-day period and express
his intent to proceed, the case should be dismissed.  If
Anderson does contact the Court, the case should be
transferred to Tennessee, less defendants Gold and Flum.
I recommend that the Court adopt this proposed sanction.

     Anderson was released from prison approximately five
months ago.  After his release, the Department of
Corrections provided the Court with an address in North
Carolina.  The Clerk's Office now informs the Court that
Anderson may again be incarcerated in a local facility in

                          13

Vermont.   This Report and Recommendation will be sent to Anderson's last known address.   If Anderson fails to respond to the Court within 60 days, the Court should dismiss his claims with prejudice.   If a response is received within 60 days, the Court should adopt my previous Report and Recommendation, dismiss defendants Gold and Flum, and transfer the remainder of the case to the Western District of Tennessee.   If the case is either dismissed or transferred, counsel's pending motion to withdraw (Paper 27) should be GRANTED at that time.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 27) be GRANTED, and that this case be dismissed if the plaintiff does not inform the Court within 60 days of his intent to proceed. If the plaintiff so contacts the Court within that 60 day period, defendants Gold and Flum should be dismissed and the case should be transferred to the United States District Court for the Western District of Tennessee pursuant to my first Report and Recommendation (Paper 26).   If the case is either dismissed or transferred, counsel's pending motion to withdraw (Paper 27) should be

14

GRANTED at that time.

Dated at Burlington, in the District of Vermont,
this 21st day of August, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
72(b), 6(a) and 6(e).